Matter of Waters.

## SUPREME COURT.

### In the Matter of SOPHIE WATERS.

*Vagrant — Record of conviction — Where should be filed — Code of Criminal Procedure, sections 892-963.*

Section 892 of the Code of Criminal Procedure has been repealed or abrogated by the provisions of the consolidation act (*Laws of 1882, chap.* 410), and the filing of the record of conviction of a prisoner on a charge of being a vagrant, by a police justice in the office of the clerk of the general sessions of the peace is regular.

*At Chambers, December,* 1883.

*N. S. Levy,* for petitioner.

*Jas. M. Brady,* assistant district attorney, for people.

LAWRENCE, *J.* — In this case it appears that the petitioner was convicted before the police justice on the charge of being a vagrant, and that the record of such conviction was filed with the clerk of the court of sessions. It is claimed by the petitioner's counsel that under section 892 of the Code of Criminal Procedure, it was the duty of the magistrate to have caused the certificate, which constitutes the record of conviction, to be filed in the office of the clerk of the county, and that in consequence of the omission so to file such certificate the prisoner is entitled to her discharge. Section 892 of the Code of Criminal Procedure does undoubtedly provide

for the filing of such certificate in the office of the county clerk, and if there had not been subsequent legislation in relation to the subject there would be force in the argument of the counsel. By section 1465 of the consolidation act, it it is provided that "if such magistrate, to wit, the police justice, be satisfied by the confession of the offender or competent testimony that such person is a vagrant within the description aforesaid, he shall make up and sign a record of conviction thereof, which shall be filed in the office of the clerk of the court of sessions," &c. Section 963 of the Code of Criminal Procedure provides "that this Code shall take effect on the 1st day of September, 1881. When construed in connection with other statutes, it must be deemed to have been enacted on the 4th day of January, 1881, so that any statute enacted after that day is to have the same effect as if it had been enacted after this Code." Section 2143 of the consolidation act provides that "for the purpose of determining the effect of this act upon other acts except the Penal Code, and the effect of other acts except the Penal Code upon this act, this act is deemed to have been enacted on the first day of January, in the year 1882. All acts passed after such date, and the Penal Code, are to have the same effect as if they were passed after this act." Taking these two sections together, it is apparent that section 1465 of the consolidation act is subsequent to section 892 of the Code of Criminal Procedure, and is authority for filing the record of conviction with the clerk of the court of sessions. There is another provision of the consolidation act which may with propriety be considered in the disposition of this case. That act it will be remembered was designed to consolidate all the special and local laws affecting public interests in the city of New York into one act. Section 1563 of the consolidation act provides that "the police justices shall in every case of commitment for vagrancy, file or cause to be filed in the office of the clerk, a record of the proceedings had before them or either of them, and such record shall contain, as part thereof,

the proofs or confession taken by such justice, together with the prisoner's examination." It will be seen by referring to the marginal note opposite this section that the same was taken from chapter 268 of the Laws of 1855, and was designed to incorporate that act or the provisions of that act into the consolidation act. It will be observed, also, that in section 1563 the language is, "in the office of the clerk." By referring to the act of 1855, from which, as before shown, this section is taken, it will also be seen that the clerk referred to is not the county clerk, but the clerk of the court of general sessions. I am therefore of the opinion, in conclusion, that section 892 of the Code of Criminal Procedure has been repealed or abrogated by the provisions of the consolidation act, and that the filing of the record of conviction in the office of the clerk of the general sessions of the peace was regular, and that the writ must be dismissed and the prisoner remanded.