Lawrence, J.
The prisoner was convicted before one of ■tne police magistrates as a vagrant, and was committed to • the house of refuge on May 19 last. He now asks to be discharged on a writ of habeas corpus, on the ground that •no record of such conviction was filed by the magistrate in the office of the county clerk.
Section 1597 of the Consolidation act, which relates to •such convictions, prescribes that the magistrate shall make up and sign a record of conviction ; but said section does not prescribe where the record shall be filed. In the matter of Waters (66 How. Pr. 173) I had occasion to examine .this •question, and then came to the conclusion that under section 1465. of the Consolidation act, the record of the conviction •of a vagrant should be filed in the office of the clerk of the •court of sessions. My decision in the Waters case was based upon the fact that section 892 of the Code of Criminal Procedure, as it then existed, had been repealed or abrogated, as to this city, by the provisions of the Consolidation act referred to. in my opinion, and that the filing of the record of conviction in the office of the clerk of the general sessions of the peace was regular.
I am now referred to chapter 657 of the Laws of 1886, which amends section 892 of the Code of Criminal Procedure, and provides that in case of vagrancy, the magistrate must immediately cause a certificate, which constitutes the record •of conviction, to be filed in the office of the clerk of the ■county, and designates the places to which the offender shall be committed, and, among other things, provides that in the City of New York such commitment shall be to the city prison or penitentiary, of .said city. As this enactment is subsequent to the Consolidation act, it may be urged, with *298 much force, that it repeals the provision of the Consolidation» act, which, in the case of Waters above referred to, were' held to abrogate the general provisions of the Code of Criminal Procedure in respect to the filing of the record of such' convictions in the City of New York (People v. Jaehne, 103 N. Y. 182). If, however, it is requisite to file such records-with the county clerk, the prisoner still is not entitled to-his discharge, because by section 1601 of the Consolidation act it is provided that “No person convicted of vagrancy or-of any criminal offense, and committed to or confined in the-house of refuge, etc., shall be discharged by habeas corpus- or certiorari from such confinement on the ground that no-certificate of such conviction has been filed, or on the ground of any variance, misdescription, misnomer or any defects or-imperfections in matter of form contained in the record, process, entries, judgment, order of commitment, returns- or other proceeding, under of in pursuance of which such commitment was made, provided that such certificate be-filed, or such variance, misdescription, misnomer or defect or imperfection in matter of form be corrected by order of' the court before 'which such-writ of habeas corpus or certiorari is returnable:”
Under that section an order can now be entered directing-the filing of the record with the county clerk. I must, therefore, dismiss this writ and remand the prisoner.*
Ordered accordingly.

 The following is a copy of the order entered in the case:
The above relator having been brought before me upon a writ of habeas corpus and it appearing in the return of said writ that the-said relator, Louis Dorfmann, is lawfully detained by th,e above respondent by virtue of the summary conviction of said relator as a vagrant by one of the police magistrates of the City of New York, a copy of a certificate of which conviction is annexed to the return of the said respondent and made a part thereof.
Now, on motion of Edward Grosse, assistant district attorney of the county of New York,