*In re* DORFMAN.

(*Supreme Court, Special Term, New York County.* May 28, 1888.)

HABEAS CORPUS—WHEN LIES—FAILURE TO FILE CERTIFICATE OF CONVICTION.
A prisoner committed in New York city, on conviction, as a vagrant, is not entitled to a discharge, on *habeas corpus* proceedings, on the ground that the certificate of the record of conviction was not filed with the county clerk, since the defect is cured by an order to file such certificate, under the New York consolidation act, § 1601, providing that no person committed, on conviction of any crime, shall be discharged on *habeas corpus* because of a failure to file the certificate of conviction, when such certificate is filed, by order of court, before the writ of *habeas corpus* is returnable.[1]

At chambers. On application for writ of *habeas corpus*.

*Wm. H. Johnson,* for relator. *Edward Grosse,* Asst. Dist. Atty., for respondent.

LAWRENCE, J. The prisoner was convicted, before one of the police magistrates, as a vagrant, and was committed to the house of refuge on the 19th of May last. He now asks to be discharged on a writ of *habeas corpus*, on the ground that no record of such conviction was filed by the magistrate in the office of the county clerk.

Section 1597 of the consolidation act, (Laws 1882, c. 410,) which relates to such convictions, prescribes that the magistrate shall make up and sign a record of conviction, but said section does not prescribe where the record shall be filed. In *Re Waters*, 66 How. Pr. 173, I had occasion to examine this question, and then came to the conclusion that under section 1465 of the consolidation act, the record of the conviction of a vagrant should be filed in the office of the clerk of the court of sessions. My decision in the *Waters Case* was based upon the fact that section 892 of the Code of Criminal Procedure, as it then existed, had been repealed or abrogated, as to this city, by the provisions of the consolidation act referred to in my opinion, and that the filing of the record of conviction in the office of the clerk of the general sessions of the peace was regular. I am now referred to chapter 657 of the Laws of 1886, which amends section 892 of the Code of Criminal Procedure, and provides that in case of vagrancy the magistrate must immediately cause a certificate, which constitutes the record of conviction, to be filed in the office of the clerk of the county, and designates the places to which the offender shall be committed; and, among other things, provides that in the city of New York such commitment shall be to the city prison or penitentiary of said city. As this enactment is subsequent to the consolidation act, it may be urged with much force that it repeals the provisions of the consolidation act, which in the *Case of Waters*, above referred to, were held to abrogate the general provisions of the Code of Criminal Procedure in respect to the filing of the record of such conviction in the city of New York. *People* v. *Jaehne,* 103 N. Y. 182, 8 N. E. Rep. 374. If, however, it is requisite to file such records with the county clerk, the prisoner still is not entitled to his discharge, because, by section 1601 of the consolidation act, it is provided that "no person convicted of vagrancy, or of any criminal offense, and committed to or confined in the house of refuge, etc., shall be discharged by *habeas corpus* or *certiorari*, from such confinement, on the ground that no certificate of such conviction has been filed, or on the ground of any variance, misdescription, misnomer, or any defects or imperfections in matter of form, contained in the record, process, entries, judgment, order of commitment, returns, or other proceedings under or in pursuance of which such commitment was made: provided, that such certificate be filed, or such variance,

[1] Respecting the office of the writ of *habeas corpus*, see Sennott v. Swan, (Mass.) 16 N. E. Rep. 448, and note; Ex parte McDonald, (Cal.) 17 Pac. Rep. 235, and note.

misdescription, misnomer, or defect or imperfection in matter of form be corrected, by order of the court, before which such writ of *habeas corpus* or *certiorari* is returnable." Under that section an order can now be entered directing the filing of the record with the county clerk.

I must therefore dismiss this writ, and remand the prisoner.